**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN DEMARCO, CLINT GOODENOW, MARK WILLIAMS, JASON HUMMEL, and ALEX FITZGERALD, | ) ) ) ) ) | Civil Action No. 2:22-cv-1164 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **ELECTRONICALLY FILED** |
| FARMACEUTICALRX, LLC, FRX MANAGEMENT HOLDINGS, LLC, FRX GROWTH PARTNERS, LLC, FARMACEUTICALRX GP OF PENNSYLVANIA, LLC, FARMACEUTICALRX REAL ESTATE PENNSYLVANIA, LLC, FRX GROWTH, LLC, REBECCA L. MYERS, DIETRICH A. STEPHAN, and JOY E. BOCHNER, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

AND NOW COMES the Plaintiffs, Brian DeMarco, Clint Goodenow, Mark Williams, Jason Hummel, and Alex Fitzgerald, by and through their attorneys, Steven E. Winslow, Esquire, and Jubelirer, Pass & Intrieri, P.C., and hereby brings this action against Defendants, and in support thereof avers as follows:

### I. Parties

1.      Plaintiff, Brian DeMarco, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 122 Hammond Lane, Apt. 1, Beaver Falls, Pennsylvania 15010.

2.      Plaintiff, Clint Goodenow, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 122 Hammond Lane, Apt. 1, Beaver Falls, Pennsylvania 15010.

1

3.      Plaintiff, Mark Williams, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 1739 Hall Avenue, Sharpsville, Pennsylvania 16150.

4.      Plaintiff, Jason Hummel, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 26 West Patricia Drive, Transfer, Pennsylvania 16154.

5.      Plaintiff, Alex Fitzgerald, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 130 South 5th Avenue, Clarion, Pennsylvania 16214.

6.      Defendant, FarmaceuticalRX, LLC, is organized and is operating as a limited liability company or other legal entity with a principal place of business located at 660 Martin Luther King Jr. Boulevard, Farrell, Pennsylvania 16121.  FarmaceuticalRX, LLC is an employer engaged in an industry affecting interstate commerce.

7.      Defendant, FRX Management Holdings, LLC, is organized and is operating as a limited liability company or other legal entity with a principal place of business located at 660 Martin Luther King Jr. Boulevard, Farrell, Pennsylvania 16121.  FRX Management Holdings, LLC is an employer engaged in an industry affecting interstate commerce.

8.      Defendant, FRX Growth Partners, LLC, is organized and is operating as a limited liability company or other legal entity with a principal place of business located at 660 Martin Luther King Jr. Boulevard, Farrell, Pennsylvania 16121.  FRX Growth Partners, LLC is an employer engaged in an industry affecting interstate commerce.

9.      Defendant, FarmaceuticalRX GP of Pennsylvania, LLC, is organized and is operating as a limited liability company or other legal entity with a principal place of business located at 660 Martin Luther King Jr. Boulevard, Farrell, Pennsylvania 16121.  FarmaceuticalRX GP of Pennsylvania, LLC is an employer engaged in an industry affecting interstate commerce.

10.     Defendant, FarmaceuticalRX Real Estate Pennsylvania, LLC, is organized and is operating as a limited liability company or other legal entity with a principal place of business located at 660 Martin Luther King Jr. Boulevard, Farrell, Pennsylvania 16121.  FarmaceuticalRX Real Estate Pennsylvania, LLC is an employer engaged in an industry affecting interstate commerce.

11.     Defendant, FRX Growth, LLC, is organized and is operating as a limited liability company or other legal entity with a principal place of business located at 660 Martin Luther King Jr. Boulevard, Farrell, Pennsylvania 16121.  FRX Growth, LLC is an employer engaged in an industry affecting interstate commerce.

12.     Defendants, FarmaceuticalRX, LLC, FRX Management Holdings, LLC, FRX Growth Partners, LLC, FarmaceuticalRX GP of Pennsylvania, LLC, FarmaceuticalRX Real Estate Pennsylvania, LLC, and FRX Growth, LLC are hereinafter collectively referred to as "FRX."

13.     Defendant, Rebecca L. Myers, is an adult individual and citizen of the Commonwealth of Pennsylvania.  Ms. Myers is an owner and Chief Executive Officer ("CEO") of FRX.  Ms. Myers also serves on the Board of Directors of FRX.

14.     Defendant, Dietrich A. Stephan, is an adult individual and citizen of the Commonwealth of Pennsylvania.  Mr. Stephan is an owner and Chief Science Officer ("CSO") of FRX.  Mr. Stephan also serves on the Board of Directors of FRX.

15.     Defendant, Joy E. Bochner, is an adult individual and citizen of the Commonwealth of Pennsylvania.  Ms. Bochner is an owner and Director of Health and Wellness of FRX.  Ms. Bochner also serves on the Board of Directors of FRX.

16.     At all times relevant hereto, Defendants acted and/or failed to act by and through their duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment and/or agency with one or more of the Defendants.

17.     All Defendants are directly and/or vicariously liable to Plaintiffs for all losses and/or other damages resulting from the acts and/or omissions of persons or entities whose conduct was under their supervision, control, or right of control, and/or whose conduct they aided, abetted, incited, compelled, and/or coerced.

18.     Defendants collectively constitute a Single Employer and/or Joint Employer of Plaintiffs.

19.     Specifically, Defendants shared and co-determined matters governing essential terms and conditions of employment for Plaintiffs and other employees of FRX.

20.     Defendants, both individually and collectively, exerted direct and/or indirect control over the employment of Plaintiffs and other employees of FRX.

21.     Defendants, both individually and collectively, had the authority to hire and fire Plaintiffs and other employees of FRX.

22.     Defendants, both individually and collectively, promulgated work rules and assignments for Plaintiffs and other employees of FRX.

23.     Defendants, both individually and collectively, set terms and conditions of employment for Plaintiffs and other employees of FRX, including but not limited to compensation, benefits, and hours of work.

24.     Defendants, both individually and collectively, managed day-to-day supervision, including employee discipline, for Plaintiffs and other employees of FRX.

25.     Defendants, both individually and collectively, controlled employee records, including payroll, insurance, taxes, and the like for Plaintiffs and other employees of FRX.

## II.  **Jurisdiction and Venue**

26.     The Court has federal question jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter the "FLSA") and 28 U.S.C. § 1331 because this case presents an action arising under the laws of the United States. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 29 U.S.C. § 1367 because they are so related to the claims arising under federal law that they form part of the same case and controversy.

27.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because this District is the location of Defendants' principal places of business and/or the location of the transactions and occurrences out of which this cause of action arose.

## III.  **Factual Background**

28.     Defendants are licensed by the Commonwealth of Pennsylvania and the State of Ohio as a medical marijuana Grower/Processer.

29.     Grower/Processors in Pennsylvania are legally permitted to grow, store, harvest, and process medical marijuana plants, medical marijuana, and medical marijuana products in indoor, enclosed, secure facilities approved by the Commonwealth of Pennsylvania. Grower/Processors in Pennsylvania are also legally permitted to distribute medical marijuana products to licensed dispensaries located in the Commonwealth of Pennsylvania.

30.     Defendants distribute their medical marijuana products to licensed dispensaries in Pennsylvania and Ohio.

31.     Plaintiffs were employed by Defendants out of their facility in Farrell, Pennsylvania as Drivers and were responsible for transporting medical marijuana products to licensed dispensaries located in Pennsylvania.

32.     At all times relevant hereto, Plaintiffs constituted "employees" of Defendants under the FLSA because, among other things:

    a.  Plaintiffs work as Drivers was an integral part of Defendants' medical marijuana business;

    b.  Plaintiffs' employment relationship with Defendants was permanent insomuch as they were employed on an ongoing basis for a period of years of indefinite duration;

    c.  Plaintiffs utilized Defendants vehicles and equipment for transporting Defendants' medical marijuana products;

    d.  Plaintiffs were covered by Defendants' insurance policies when transporting Defendants' medical marijuana products;

    e.  Defendants exercised complete control over all aspects of Plaintiffs work and subjected Plaintiffs to numerous policies;

    f.  Defendants controlled Plaintiffs work schedule;

    g.  Plaintiffs were not required to engage in market competition with respect to their work as Drivers for Defendants; and

    h.  Plaintiffs did not operate an independent business organization or operation and instead worked as Drivers solely for Defendants' medical marijuana business.

33.     At all times relevant hereto, Plaintiffs constituted "non-exempt employees" of Defendants under the FLSA and PMWA because none of the FLSA or PMWA overtime exemptions apply.  As such, Defendants were legally obligated to pay Plaintiffs time and one half their regular rate of pay for all hours worked over 40 per week.

34.     Despite constituting "non-exempt employees" of Defendants under the FLSA and PMWA, Defendants knowingly misclassified Plaintiffs as "independent contractors" and did not pay them overtime compensation when they worked more than 40 hours per week.

35.     Beginning early on in their employment with Defendants, Plaintiffs regularly complained to Defendants about their misclassification as independent contractors and the failure to pay them overtime compensation.

36.     Defendants repeatedly promised to correct Plaintiffs' misclassification, but Defendants never actually followed through.

37.     Defendants provided Plaintiffs with repeated excuses for the misclassification and failure to pay overtime.  On one occasion, Defendants claimed that they could not correct the misclassification and overtime issues mid-year because it would look suspicious and would trigger an audit of Defendants books by the Internal Revenue Service ("IRS").

38.     Plaintiffs' complaints about the misclassification and failure to pay them overtime compensation was the subject of extensive meetings over an extended period among Defendants' senior-level management, owners, and officers.  Despite knowing that Plaintiffs were misclassified and were not receiving overtime compensation required under the FLSA and PMWA, Defendants never corrected these issues or made Plaintiffs whole for the lost overtime wages they incurred.

39.     Plaintiffs continued to complain about their misclassification and the failure to pay them overtime compensation until finally Defendants constructively discharged Plaintiffs from employment.

40.     In early May 2022, Defendants constructively discharged Plaintiffs from employment in retaliation for their complaints about FLSA and PMWA violations.  Specifically, Defendants held a meeting in which Plaintiffs were informed that, if they wanted to continue working for Defendants, they were required to "reapply" for employment as W-2 employees and would receive severely reduced wage rates for the same work.

41.     However, Defendants sought to pre-emptively hire replacements for Plaintiffs before they even met with Plaintiffs in May 2022. Defendants had already advertised for Driver positions classified as W-2 employees at least one month prior to the meeting and never notified Plaintiffs.  Defendants knew Plaintiffs would not "reapply" for Driver positions at the severely reduced wage rates.  As such, Defendants retaliated against Plaintiffs for their internal complaints about FLSA violations by pushing them out the door and replacing them with new Drivers.

## IV.  Statement of Claim

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

42.     Plaintiffs reallege and restate the above paragraphs as if fully alleged and stated herein.

43.     Defendants, individually and collectively, constitute a covered "employer" of Plaintiffs under the FLSA.  Defendants have more than $500,000 in annual sales and are engaged in an industry that affects interstate commerce.

44.     Plaintiffs each constitute an "employee" of Defendants within the meaning of the FLSA.

45.     At all times relevant hereto, Plaintiffs constituted "non-exempt" employees of Defendants under the FLSA because none of the FLSA overtime exemptions apply.  As such, Defendants were legally obligated to pay Plaintiffs time and one half their regular rate of pay for all hours worked over 40 per week.

46.     Despite constituting "non-exempt" employees of Defendants under the FLSA, Defendants knowingly misclassified Plaintiffs as "independent contractors" and did not pay them time and one half their regular rate of pay when they worked more than 40 hours in a workweek.

47.     Due to the nature of the work, Plaintiffs regularly worked more than 40 hours per week for Defendants throughout the duration of their employment.

48.     However, Defendants failed to pay Plaintiffs overtime compensation required by the FLSA when they worked more than 40 hours per week.

49.     Plaintiffs are entitled, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), to receive an award of actual damages in the amount of all unpaid overtime wages that Defendants owe to Plaintiffs.

50.     Defendants knew or showed reckless disregard for whether their failure to pay overtime compensation to Plaintiffs was a violation of the FLSA.  As such, Defendants' acts constitute willful violations of the FLSA that caused Plaintiffs to suffer damages.  As Defendants committed a willful violation of the FLSA pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), Plaintiffs are entitled to receive liquidated damages in an amount equal to their unpaid overtime wages.

51.     Plaintiffs are also entitled, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), to an award of reasonable attorneys' fees, expert fees, expenses, and costs.


**COUNT II**

**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT ("PMWA")**

52.     Plaintiffs reallege and restate the above paragraphs as if fully alleged and stated herein.

53.     Defendants, individually and collectively, constitute a covered "employer" of Plaintiffs under the PMWA.

54.     Plaintiffs each constitute an "employee" of Defendants within the meaning of the PMWA.

55.     At all times relevant hereto, Plaintiffs were non-exempt employees of Defendants under the PMWA.  As such, Defendants were legally required to pay Plaintiffs time and one half their regular rate of pay for all hours worked in excess of 40 hours per week.

56.     Despite constituting "non-exempt" employees of Defendants under the PMWA, Defendants knowingly misclassified Plaintiffs as "independent contractors" and did not pay them time and one half their regular rate of pay when they worked more than 40 hours in a workweek.

57.     Due to the nature of the work, Plaintiffs regularly worked more than 40 hours per week for Defendants throughout the duration of their employment.

58.     However, Defendants failed to pay Plaintiffs overtime compensation required by the PMWA when they worked more than 40 hours per week.

59.     Plaintiffs are entitled, pursuant to 43 P.S. § 333.113, to receive actual damages in the amount of all unpaid overtime wages owed by Defendants.

60.     Plaintiffs are also entitled to receive pre- and post-judgment interest on all unpaid overtime wages owed by Defendants.

61.     Plaintiffs are also entitled, pursuant to the Pennsylvania Minimum Wage Act, 43 P.S. § 333.113 to an award of award of reasonable attorneys' fees, expert fees, expenses, and costs.


**COUNT III**

**RETALIATION IN VIOLATION OF SECTION 15(a)(3)
OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215(a)(3)**

62.     Plaintiffs reallege and restate the above paragraphs as if fully alleged and stated herein.

63.     Plaintiffs engaged in protected activity under the FLSA by making internal complaints to Defendants about the failure to pay them overtime compensation in violation of the FLSA.

64.     Defendants were aware of Plaintiffs internal complaints about their FLSA violations.

65.     Defendants retaliated against Plaintiffs by constructively discharging them from employment in May 2022 for making internal complaints about their FLSA violations.

66.     There is a causal connection between Plaintiffs' internal complaints about FLSA violations and their constructive discharge by Defendants.

67.     Plaintiffs are entitled, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), to receive reinstatement (or alternatively future lost wages and benefits), past lost wages and benefits, compensatory damages, punitive damages, and pre-/post-judgment interest.

68.     Defendants knew, or showed reckless disregard for whether, their retaliatory actions were a violation of the FLSA.  As such, Defendants' retaliatory actions constitute willful

violations of the FLSA that caused Plaintiffs to suffer damages.  As Defendants committed a willful violation of the FLSA pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), Plaintiffs are entitled to receive liquidated damages in an amount equal to their past/future lost wages and benefits, and compensatory damages.

69.     Plaintiffs are also entitled, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), to an award of reasonable attorneys' fees, expert fees, expenses, and costs.

## V.  Prayer for Relief

**WHEREFORE**, Plaintiffs pray for judgment against Defendants and that they be granted the following relief:

A.     Reinstatement, or alternatively front pay in the amount of their future lost wages and benefits;

B.     Back pay in the amount of their past lost wages and benefits;

C.     Compensatory damages in the amount of their out-of-pocket expenses, future pecuniary losses, emotional distress, emotional pain, suffering, inconvenience, mental anguish, lost enjoyment of life, loss of consortium, and harm to reputation;

D.     Unpaid overtime wages owed under the FLSA and PMWA;

E.     Liquidated damages;

F.     Punitive damages;

G.     Reasonable attorneys' fees, expert fees, expenses, and costs incurred in vindicating their rights;

H.     Pre- and post-judgment interest; and

I.     Such further legal or equitable relief as the Court deems just and appropriate.

12

## VI. <u>Demand for Jury Trial</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury in this action of all issues so triable.

Respectfully Submitted,

JUBELIRER, PASS & INTRIERI, P.C.

BY:  */s/ Steven E. Winslow*

Steven E. Winslow, Esquire
Pa. I.D. # 319437
219 Fort Pitt Boulevard
Pittsburgh, PA 15222
Phone:  412-281-3850
Fax:  412-281-1985
E-mail:  sw@jpilaw.com

*Attorney for Plaintiffs*